IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 04-22668-CV-UNGARO
Crim No. 93-0572-CR-UUB

**NIGHT BOX
FILED**

OCT 2 1 2005

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES OF AMERICA             :
                                     :
        Respondent,                  :
                                     :
    v.                               :
                                     :
MARSHALL IVES,                       :
                                     :
        Petitioner                   :
. . . . . . . . . . . . . . . . . . . . . . . . . . . . :

## PETITIONER'S OBJECTIONS TO
## REPORT AND RECOMMENDATION

The Petitioner, Marshall Ives, through undersigned counsel, respectfully files the

following preliminary objections[1] to the Magistrate's Report and recommendation, and

asks for a de novo review of each of the issues herein, and further requests an

evidentiary hearing on the matters raised in the 28 U.S.C. § 2255 petition.

1.      The Petitioner objects to the Magistrate's conclusion, on pages 10 and 11 of the Report

        and Recommendation, that the Court of Appeals has already ruled that there was no

        conflict with either Myles Malman, Esq., Dexter Lehtinen, Esq., Juan Vargas, Esq., or

        Sonia O'Donnel, Esq.. The Court of Appeals based its decision solely on the state of the

        record as it existed at the time of the appeal. Further, the opinion relied largely on the

---

[1]Undersigned counsel is requesting, via separate motion, a 10 day enlargement of time to
file more detailed objections, with a memorandum of law, to the Magistrate's Report and
Recommendation.

Petitioner's argument that 18 U.S.C. § 207 was violated.  By contrast, the Petitioner's current argument alleges an actual conflict of interest based upon the inability to call witnesses for the defense. (See R.39,  Exhibit Book, Tab 21, List of 92 witnesses that created a conflict for Malman).  Petitioner's Section 2255 petition set forth in detail 5 of those witnesses, and the specific conflict created.  None of this information was available to the appellate court.

2.       The Petitioner objects to the Magistrate's conclusion, on page 11 of the Report and Recommendation, that the conflict issues were "thoroughly discussed" prior to trial. First, the state of the record shows that these issues were not raised until the eve of trial, despite Myles Malman's presence in the case for a significant period of time prior. Second, the Magistrate, in quoting the passage relating to the alleged conflict waiver on pages 2-6 of the Report, in fact shows the problems with the inquiry, and proves that it **was not thorough in any respect.  The Petitioner was not given the opportunity to discuss the conflict with independent counsel, was not given the opportunity for a continuance,** and was not fully informed of the conflict.  In fact, the parties only focused on one potential witness in examining whether a conflict existed and altogether failed to discuss the conflict issues involving Dexter Lehtinen, Esq., Juan Vargas, Esq., or Sonia O'Donnel, Esq..  **There was not a sufficiently detailed or specific waiver of the Petitioner's rights, no indication that he had been fully informed of them, or that he knowingly waived each and every right required by the law of this Circuit.**

3.       The Petitioner objects to the Magistrate's conclusion, on page 12 of the Report and Recommendation, that he should be held to a different standard than other criminal defendants because he was an attorney prior to the indictment.  The *Garcia* standards

apply to **all** criminal defendants, regardless of their background or knowledge. The Court had an independent duty to ensure that the conflict issue was properly resolved, and failed to do so. Further, there is no evidence in the record for such a supposition. There have been no facts alleged that the Petitioner was aware of the scope of the conflict; much less that he was well versed in conflicts law and knew his rights. The record is what it is: the Court failed to ensure that the Petitioner's rights were protected in this regard.

4.    The Petitioner objects to the Magistrate's conclusion, on page 12 of the Report and Recommendation, in which the Magistrate summarily dismisses the prosecutorial misconduct claim based upon a lack of finding of a conflict. The Petitioner has set forth: (1) that the AUSA involved in the case was aware of the conflict, but did not seek to address it until the eve of trial; (2) and actively misled the Court as to the nature, length, and depth of the conflict hearing and waiver by the United States Attorney as to Myles, **Malman, Esq., Dexter Lehtinen, Esq., Juan Vargas, Esq., or Sonia O'Donnel, Esq.. These claims are totally independent of the conflict issue, and should not be considered contingent, as the Magistrate has done.**

5.    The Petitioner objections to the Magistrate's conclusion, on page 13 of the Report and Recommendation, that the U.S.S.G. § 5K1.1 issue has been disposed of by the Court of Appeal. The issue on appeal was that the Petitioner should be allowed to withdraw his plea based upon the Government's withdrawal. In the instant petition, the claim is that, once made, the Government was without statutory authority to withdraw a U.S.S.G. § 5K1.1 petition. Further, left unaddressed by the Magistrate is the Petitioner's claim that his counsel was ineffective in allowing him to be debriefed without counsel's presence, which debriefing led to the Government seeking withdrawal of the motion.

6.     The Petitioner objects to the Magistrate's conclusion, on pages 14 and 15 of the Report and Recommendation, that because the conspiracy continued until after the enactment of the Guidelines, that any objection to the use of the Guidelines at sentencing would have been useless, and thus, counsel was not ineffective.  The Magistrate concedes that the Government's own proffer in this case indicated that the Petitioenr's direct involvement ended in February of 1987. The Magistrate claims, however, that because others continued in the conspiracy, that the Guidelines can be applied.  But the Petitioner is not responsible for all acts in the conspiracy.  Rather, his participation is limited to those acts: (1) he agreed to jointly undertake, and (2) that were reasonable foreseeable. United States v. Hunter, 323 F.3d 1314 (11th C. 2003) There is no allegation that the Petitioner's agreement went beyond February, 1987.  Thus, counsel was ineffective for failing to make the argument.

7.     **The Petitioner objects to the Magistrate's conclusion, on pages 15 and 16 of the report,** **that counsel was not ineffective for failing to object to the proper Guidelines manual.  In** what seems to be a contradiction, the Magistrate, who one page earlier relied on overt acts allegedly admitted by the Petitioner which lasted until August 5, 1990, now disregards those dates in favor of December 6, 1993.  Surely, sentencing counsel had some ammunition here to work with, and proper objection would have provided an ample opportunity to argue that the 1990 Guidelines were proper, especially in light of the emphasis placed on those dates by the Magistrate.  As such, counsel was ineffective.

8.     The Petitioner objects to the Magistrate's conclusion, on pages 16 and 17 of the Report, that counsel was not ineffective in failing to pursue a statute of limitations defense.  First, as the Magistrate has admitted, the Government alleged that the Petitioner's overt acts

concluded in 1987. Second, the Petitioner's alleged admissions at the plea hearing would not have had any effect on counsel's duty to investigate **prior** to that hearing. There is no allegation in the record by former counsel that he was told this information prior to the plea; in fact, the trial began in this case, and it was assumed that counsel pursued all avenues of investigation prior to the start of trial. The Magistrate cannot rely on a contested fact (occurring after the fact) to thwart this claim.

9.      The Petitioner objects to the Magistrate's conclusion, on pages 17 and 18 of the Report, that Racketeering acts 6 and 9 were different acts. There is nothing in the record which would support this finding; the time frames and persons are the same. It is one conspiracy, and the plea record does not differentiate.

10.     The Petitioner objects to the Magistrate's conclusion that the petition be denied without an evidentiary hearing. The Petitioner has alleged facts which, if proven, entitle him to relief. Further, the Petitioner has alleged claims of ineffective representation, none of which were contested by any former counsel. There is nothing in the record from former counsel. The Petitioner submits that a hearing is appropriate in this matter.

In sum, the Petitioner submits that he is entitled to a de novo review of each of the claims raised in his 28 U.S.C. § 2255 petition.  Further, he is entitled to a hearing on these issues.

Respectfully submitted,

Paul Petruzzi, Esq.
Attorney for Petitioner
Weintraub & Petruzzi
New World Tower
100 North Biscayne Boulevard
Suite 1100
Miami, Florida 33132
(305) 373-6773

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing appended hereto has been sent on October 31, 2005, by regular U.S. Mail with sufficient postage affixed to ensure delivery thereof to the office of the Assistant U.S. Attorney, 11200 Northwest 20th St., Miami FL 33172.

Paul Petruzzi
Attorney for Petitioner